FILED
APR - 3 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number 2:18cv177
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I. PARTIES

A. Plaintiff:

1. (a) Lois Yankah     (b) 71282
   (Name)                  (Inmate number)

   (c) 500 Polar Trail
   (Address)

   N Prince George VA 23860

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Accordingly, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.

B. Defendant(s):

1. (a) Officer Steward     (b) Booking Officer
   (Name)                      (Title/Job Description)

   (c) 500 Polar Trail
   (Address)

   N Prince George VA 23860

RECEIVED
MAR 22 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

2

2. (a) Sgt Moore (Name)    (b) Sargeant (Title/Job Description)

(c) 500 Foler Trail (Address)

N Prince George VA 23860

3. (a) Sgt Bonzy (Name)    (b) Sargeant (Title/Job Description)

(c) 500 Foler Trail (Address)

N Prince George VA 23860

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

II. PREVIOUS LAWSUITS

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [ ] No [X]

B. If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

1. Parties to previous lawsuit:

Plaintiff(s) N/A

Defendant(s) N/A

2. Court (if federal court, name the district; if state court, name the county):

N/A

3. Lawsuit filed: N/A

4. Docket number: N/A

B. Defendants Cont'd

4) a) Captain Mack           b) Captain
   (Name)                       (Title / Job Description)
   c) 500 Falar Trail
      (Address)
   N Prince George VA 23860

5) a) Major Flippin          b) Major
   (Name)                       (Title / Job Description)
   c) 500 Falar Trail
      (Address)
   N Prince George VA 23860

5. Name of Judge to whom case was assigned: _____

   N/A

6. Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) :

   N/A

### III. GRIEVANCE PROCEDURE

A. At what location did the events concerning your current complaint take place:

   Riverside Regional Jail Authority

B. Does the institution listed in "A" have a grievance procedure? Yes [✓] No [ ]

C. If your answer to "B" is Yes:

   1. Did you file a grievance about your complaint? Yes [✓] No [ ]

   2. If so, where and when: RRJA 12/8/17 /12/14/17 /12/31/17

   3. What was the result? They will hand me over to immigration if I post bond. No result on Sgt Moor, and Sgt Roney. There were no resolution

   4. Did you appeal? Yes [✓] No [ ]

   5. Result of appeal: Same as above

D. If there is no prison grievance procedure, did you present the problem to the prison authorities? Yes [ ]

   If your answer is Yes, what steps did you take? N/A

E. If your answer is No, explain:
   authority

   N/A

## IV. STATEMENT OF THE CLAIM

State here the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.

An adverse action was taken against me in retaliation to expressing feeling discriminated against by Sgt Mock supported by Sgt Roney. I received a cruel and unusual punishment by being handcuffed and thrown in the "chute", disciplinary segregation on 12/11/17. On 11/28/17 I found out through a bondsman that I was being held without bail making attempts to bond me out unsuccessful. The secured bond Chesterfield court gave me was revoked by Riverside Regional Jail when officer Seward booked me on 11/20/17. She denied me a bondcall because of an ICE detainer and for the same reason the magistrate has asked her to let me know the full bond will not be accepted by my party to sign for my release. I will only be released if a bondsman posts my bond. In addition they are required to contact ICE to arrange for them to pick me up when I am released. Until that arrangement

5

had been made I would not be allowed to post bond. Even though I had a bond and confirmation from my parents to help me post it I was denied the accomodations I needed to post bond for my release. On action Department of Homeland Security has asked not to be taken against immigrants and clearly stated on the DHS form I-247A (3/17) and I quote:

"This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quater assignments or other matters."

I was booked and incarcerated while other arrestees who asked for accommodations to post bond on 11/20/17 were left at intake and given reasonable number of calls to post bond for their release.

On 11/28/17 Officer Brown confirmed in the presence of Sgt Clower that the information the bondsman gave me was accurate. I was been held without bail and even after proving with court papers that I had a bond I could not post it on 11/28/17 because he was not authorized to make any changes. He needed to send an email to his supervisor to reinstate my bond. My attorney also filed

a motion with Chesterfield court for another bond. On 12/1/17 at my bond hearing the court ruled I already had a bond. The judge said she was not sure where the confusion was. No changes were made to the bond I already had. I checked later that day and my bond had been reinstated. Even after that I was still denied the accomodations needed as an inmate to post bond for my release.

The action taken against me by officer Seward, Sgt Moore and Sgt Roney left me in a state of mental distress to the point of being relocated from the "Chute", disciplinary segregation to medical housing under mental health supervision.

In addition to a grievance I wrote the OPR department to report Sgt Moore and Sgt Roney's action against me. I verbally reported them to officer Spratley, the grievance coordinator on 12/14/17. On 3/5/18 I also brought it to the attention of Lt Whyche, the grievance department supervisor. Even with the appeal I was still denied the resolution I was seeking which was to make the needed accomodations for me to post bond for my release.

Immediately I was settled in housing unit 1, I asked Sgt Moore for a bondcall. She told me she would pass my request on to Ms Guthrie

the case manager. After a week I asked her again. I got the same response. After about 3 weeks of waiting other inmates who came and met me at the jail were given the accomodations they needed to post bond and leave. I felt discriminated against. On 12/11/17 after breakfast I demanded a bond-call and needed accomodations by end of business day. I did again during lunch and count. With each demand I added/stated I was being discriminated against. After dinner I was informed the case managers were gone for the day. I asked to speak with Sgt Moore, she sent me a response that she did not give bond calls. She will not speak to me because she does not have to neither will she listen to my complaint of feeling discriminated against. Moments later I was asked to go to housing unit 1 master control to speak with Sgt Moore. When I arrived she instructed the officer to handcuff me and implement the procedure for me to be relocated to the "chute". When I asked why she paged Sgt Roney. When I explained the situation to him he informed me he supports Sgt Moore's decision and asked me to present my arms to be handcuffed and relocated. In the morning he would ask Ms Guthrie to come and discuss my bond call with me. Ms Guthrie never came.

Their actions caused me harm by denying me the freedom the court gave me through a bond and punished me when I spoke against their actions. I made every good faith effort under the circumstances to try and post my bond for my freedom. I had to rely on other inmates to connect with my family.

The first inmate who offered assistance when she got released was able to connect with them for my bond money through western union. When she contacted the jail with the bondsman and was informed I was being held without bail she took off with the money after she reported this back to my family. It was through her that my parents found out I was being held at Riverside Regional Jail. It was through her my attorney got the message to file a motion for a bond I already had.

After my bond got reinstated the money was gone and there was nothing we could do. The magistrate would not take my complaint or issue a warrant for her. The rest of the efforts I made will be presented at trial. If I had been given the bond call and needed accomodations to communicate directly with my family to arrange for my bond I would not have trusted an inmate or sought help in that direction for my release. I expressed this to Ms Guthrie and was informed

It was at the discretion of staff and officers upon approval by the watch commander to make the accomodations I needed. They could have made it but they chose not to. Authorities at the jail even the major knew about the actions these three took against me but did not do anything about it. The court gave me the choice to not sit in jail and it was also my choice not to but their actions took that choice away from me.

## PLEADINGS

Their actions not only caused me harm but the tax dollars of hardworking Americans spent paying them to hold me. If the law and statues of the state of Virginia has made provisions for jail employees to make accomodations such as bondcalls for arrestees/inmates who have bonds to be able to post it and for someone to come to the jail on their behalf with the full amount to sign for their release then I plead for;

1) Sanctions against Captain Mack and Major Flippin for condoning these actions against me.

2) Punitive damages to deter them and others from such further actions against inmates/arrestees.

They did not serve me any paperwork issued to them by the Department of homeland Security or copies of the warrant from Chesterfield to hold me.

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. ____LY____ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

__✓__ Award money damages in the amount of: Respectfully request the court to set an amount

____ Grant injunctive relief by _____

__✓__ Other $3 daily room and board fee from 11/20/17 - present $550 bond money I lost to Sheriff Rivas/Anderson

## VI. PLACE OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

Riverside Regional Jail Authority
500 Tolar Trail, N Prince George VA 23860
Richmond City Justice Center (Transferred 11/20/17 to RRJA)
1701 Fairfield Way Richmond VA 23223

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the circuit.

Do you consent to proceed before a Magistrate Judge ... consent at any time. However, early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each must sign for himself or herself.

Signed this __18__ day of __March__ 2018

Plaintiff _____

✓1
Dupage County Jail (Transferred 10/15/17 to RCJC)
501 N County Farm Rd
Wheaton IL 60187